REBEKAH SCHULTHEISS, OSB No. 121199
rschultheiss@freedomfoundation.com
JAMES ABERNATHY, OSB No. 161867
jabernathy@freedomfoundation.com
SHELLA ALCABES, *pro hac vice pending*
salcabes@freedomfoundation.com
FREEDOM FOUNDATION
PO Box 552
Olympia, WA 98507
Telephone: 360.956.3482

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| John Doe, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>Portland Association of Teachers, a labor organization; Portland Public Schools; Dr. Kimberlee Armstrong in her official capacity as the superintendent of Portland Public Schools; Edward Wang in his official capacity as the chairman of the Portland Public Schools Board of Education; Michelle DePass in her official capacity as the vice-chair of the Portland Public Schools Board of Education; Christy Splitt, in her official capacity as a member of the Portland Public Schools Board of Education; Gary Hollands, in his official capacity as a member of the Portland Public Schools Board of Education; Julia Brim-Edwards, in her official capacity as a member of the Portland Public Schools | Case No.<br><br><br>**Constitutional Violation (42 U.S.C. § 1983)**<br>**Discrimination**<br>**(ORS 659A.030)**<br><br>**Demand for Jury Trial** |

COMPLAINT - 1

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Board of Education; Patte Sullivan, in her
official capacity as a member of the Portland
Public Schools Board of Education; Herman
Greene, in his official capacity as a member
of the Portland Public Schools Board of
Education; the Oregon Employment
Relations Board; Adam Rhynard, in his
official capacity as Chair of the Employment
Relations Board; Shirin Khosravi in her
official capacity as a member of the
Employment Relations Board; Benjamin
O'Glasser in his official capacity as a
member of the Employment Relations Board,

                                        Defendants.

## INTRODUCTION

Plaintiff's labor union, Portland Association of Teachers ("PAT"), and his employer, Portland Public Schools ("the District"), discriminated against Plaintiff because of his religious beliefs and national origin as an Israeli-born Jew. The union distributed anti-Israel teaching materials which drew from "Teaching while Muslim," and "Woke kindergarten." These resources teach that Jews who hold a traditional view of their religion are racist, bullies. PAT hosts anti-Israel events, and PAT representatives display anti-Isreal messages and symbols while teaching, even when informed that it causes distress to Jewish colleagues.

The District refused to intervene when the Plaintiff expressed distress at the atmosphere and actions to which he was subjected. Instead, the District allowed anti-Israel symbols and messaging to be displayed while refusing to allow any expressions that would provide a balanced perspective, and utilized school resources for anti-Israel messaging. The District continues to refuse to act to mitigate the continuing trauma faced by the Plaintiff.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Plaintiff finds PAT's expressive activities repugnant and in total opposition to his deeply held beliefs, but Oregon law compels Plaintiff to associate with PAT's expressive conduct because PAT is Plaintiff's exclusive representative. This violates Plaintiff's First Amendment rights to free association and religious freedom. Moreover, the District violates the First Amendment's protection of free speech by imposing viewpoint-based restrictions on Plaintiffs speech, and promotes religious practices in violation of the Establishment Clause.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and pursuant to 28 U.S.C. § 1343, because Plaintiff seeks relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

2.      This Court has supplemental jurisdiction over state law claims presented in this matter pursuant to 28 U.S.C. § 1367, because the claims are part of the same nucleus of operative facts as the federal constitutional claims in this action, and they do not raise novel or complex issues of state law and do not substantially predominate over the federal claims. There are, further, no exceptional circumstances compelling this Court to decline the state law claims.

3.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside or do business in this district, and because the events alleged took place in this district.

## PARTIES

4.      Plaintiff, John Doe, is a teacher employed at the District. Plaintiff seeks this Court's permission to proceed anonymously due to Plaintiff's reasonable fear for his physical safety should his identity become public.

5.      PAT is a labor union representing educators within the District, including Plaintiff,

COMPLAINT - 3

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

and is the designated exclusive representative of Plaintiff's bargaining unit pursuant to Ore. Rev. Stat. §243.650, *et seq*.

6.     The District is plaintiff's employer.

7.     Dr. Kimberlee Armstrong is the superintendent of the District and is sued in her official capacity.

8.     Edward Wang is the chairman of the Portland Public Schools Board of Education and is sued in his official capacity.

9.     Michelle DePass is the vice-chair of the Portland Public Schools Board of Education and is sued in her official capacity.

10.     Christy Splitt is a member of the Portland Public Schools Board of Education and is sued in her official capacity.

11.     Gary Hollands is a member of the Portland Public Schools Board of Education and is sued in his official capacity.

12.      Julia Brim-Edwards is a member of the Portland Public Schools Board of Education and is sued in her official capacity.

13.     Patte Sullivan is a member of the Portland Public Schools Board of Education and is sued in her official capacity.

14.     Herman Greene is a member of the Portland Public Schools Board of Education and is sued in his official capacity.

15.     The Oregon Employment Relations Board ("ERB") is the state agency tasked with implementing collective bargaining, including exclusive representation. Ore. Rev. Stat. §243.682.

16.     Defendant Adam Rhynard is sued in his official capacity as Chair of ERB.

17.     Defendant Shirin Khosravi is sued in her official capacity as a member of ERB.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

18.     Defendant Benjamin O'Glasser is sued in his official capacity as a member of ERB.

## FACTUAL ALLEGATIONS

### Plaintiff's Background

19.     Plaintiff is ethnically and religiously Jewish, and was born in Israel.

20.     Plaintiff takes his Jewish faith seriously and maintains a devout commitment to his religious and ethnic heritage. An integral part of his sincerely held religious belief and practice is that the State of Israel is essential to the Jewish faith.

21.     Plaintiff immigrated to the United States, but maintains close ties to his birthplace, where his family continues to reside.

22.     In the 2023–2024 school year, Plaintiff worked for the District as a math teacher at the high school level.

23.      When he began his employment, Plaintiff chose not to become a dues-paying member of PAT, exercising his First Amendment right to refrain from supporting union political speech—which includes public sector collective bargaining.

24.     However, because he is a teacher, PAT remains Plaintiff's exclusive representative and speaks for him as part of the bargaining unit.

### Oregon's exclusive representation mandate

25.      While the Plaintiff has chosen not to be a member of PAT, he is still forced to associate with PAT pursuant to the Public Employee Collective Bargaining Act ("PECBA"), Ore. Rev. Stat. §243.650, *et seq*.

26.      Under PECBA, Plaintiff is in a bargaining unit exclusively represented for collective bargaining by PAT.

27.      PAT represents Plaintiff in negotiating the unit's collective bargaining agreement

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

("CBA") with the District. *See* CBA entered into by the District and PAT for 2023-2026, a true and correct copy of which is attached hereto as Exhibit A.

28.    PECBA grants PAT exclusive legal authority to speak for all employees in the unit for purposes of collective bargaining, whether or not the employee joins the union as a member.

29.    But for PECBA's requirement of exclusive representation, and the CBA created pursuant to that statute and enforced by Defendants, Plaintiff would have nothing to do with PAT and could effectively avoid all association with PAT.

30.    PAT's legal status as Plaintiff's exclusive representative publicly associates Plaintiff with PAT.

31.    Plaintiff is forced to go to PAT for representation regarding matters covered by the CBA.

32.    PAT publicly claims to speak for the District's teachers. It does so in the community at large and in the District's schools.  A reasonable observer would associate the Plaintiff with PAT's views.

33.    In speaking, on collective bargaining matters as well as on matters of public interest outside of collective bargaining, PAT represents all members of the bargaining unit.

34.    On its website, PAT proclaims that it "represents over 4500 professional educators in the Portland Public School system. We're working to create the best possible learning environment for our students, by protecting our profession and advocating for frontline educators."[1]

**PAT uses its position as exclusive representative to promote**
**anti-Israel positions and proselytize for religious beliefs and practices**

35.    Oregon's exclusive representation mandate compels Plaintiff to associate with a

---

[1] https://www.pdxteachers.org/, last visited May 18, 2025.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

political organization, PAT, that publicly advocates positions and engages in expressive activities directly at odds with Plaintiff's deeply held religious beliefs, including calling for the destruction of Plaintiff's homeland.

36.     Through its speech and expressive activities, PAT increases animosity and justifies violence towards individuals that support the State of Israel.

37.     PAT's positions are well known and have been so often repeated, that a reasonable observer would associate represented teachers with PAT's anti-Israel views.

38.     PAT's contract with the District includes the right to use District facilities, equipment, email, bulletin boards, and mailboxes. Exhibit A, CBA Article 2.2.

39.     PAT encouraged a "students for peace" walkout March 15, 2024, with a rally at PAT headquarters that included anti-Isreal expression in many forms. A true and correct copy of PAT's announcement on social media is attached hereto as Exhibit C.

40.     PAT collaborates with Oregon Educators for Portland in its publications, including by co-publishing guides called "Teach Palestine!" and "Know Your Rights!" True and correct copies of PAT's publications are attached hereto as Exhibit B, Exhibit I, respectively.

41.     Oregon Educators for Palestine used social media to promote May 15 as "Nakba Day." It stated, "This Nakba Day, we call on educators across Oregon to wear your kufiya [sic], pins, and "From the River to the Sea, Palestine Will Be Free" shirt to school or work!" A true and correct copy of Oregon Educators for Palestine's social media post is attached hereto as Exhibit D. "From the River to the Sea" is a well-known slogan calling for the elimination of the State of Israel.

42.     PAT held informational sessions for teachers to, "Learn about your rights to teach and advocate for Palestine within Portland Public Schools" May 28, 2024 at PAT Hall. A true and correct copy of the Oregon Educators for Palestine social media post advertising this info session is

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

attached hereto as Exhibit E.

43.     PAT published a guide for teachers called "Teach Palestine" in conjunction with Oregon Educators for Palestine. The PAT logo appears on the front of this publication. Exhibit B. This guide encourages teachers to use their classroom to teach anti-Isreal views and includes detailed curricula recommendations for pre-K through high school.

44.     In these lessons, PAT proselytizes for religious beliefs about Palestine and the State of Israel consistent with Islamic beliefs, and includes curriculum recommendations from "Teaching While Muslim," and "Woke kindergarten." Exhibit B.

45.     The kindergarten through second grade lessons teach students to make cardboard signs using slogans such as "Free Palestine." A true and correct copy of a "Teaching While Muslim" lesson plan is attached hereto as Exhibit F.

46.     The lesson plans teach that Jewish people are racist. It introduces Palestine by stating, "75 years ago, a lot of decision makers around the world decided to take away Palestinian land to make a country called Israel. Israel would be a country where rules were mostly fair for Jewish people with White skin…" Exhibit F.

47.     The lessons include the statement, "Palestine is currently under a brutal occupation by Israel. We pray for a truly free Palestine so that the Palestinians can prosper and we can all visit. freely. [sic]." A true and correct copy of "Let's Go to Palestine" is attached hereto as Exhibit G.

48.     A resource in PAT's lesson plans for grades 1-5, describe the history of the State of Israel as follows: "A group of bullies called Zionists wanted our land so they stole it by force and hurt many people." A true and correct copy of PAT resource. "Handala's Return," is attached hereto as Exhibit H.  "Children like me keep having their homes taken by the Zionist bullies." *Id.*

49.     PAT published, in cooperation with Oregon Educators for Palestine, a guide called

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

"Know Your Rights! Teaching and Organizing for Palestine Within Portland Public Schools." A true and correct copy of this publication is attached hereto as Exhibit I. The guide lays out contract provisions that protect teachers in using their classrooms to teach the aforementioned views during school time. The guide refers to CBA articles 10.1; 23.5; 23.7; 23.16; and 24.1. Exhibit I.

50.    PAT uses its legal status as exclusive representative to promote speech on specific topics.

51.    The publication repeatedly refers to the "settler-colonization of Palestine," and uses other one-sided messaging and phrases to discuss the Israel-Palestine conflict.

52.    It defines Zionism as:

> Zionism is a settler colonial political ideology and movement that emerged in Europe at the end of the nineteenth century with the aim of establishing a Jewish state in Palestine, at a time when over 90% of the population was not Jewish. Palestinian Jews existed in Palestine prior to Zionist colonization and lived peacefully alongside Palestinian Christians and Muslims. Today, the term Zionism describes a spectrum of political ideologies that have in common the support for the continued existence of the present-day state of Israel as a Jewish ethnostate.

Exhibit I.

53.    Conversely, the guide states that, "Anti-Zionism refers to the rejection of Jewish separatism and nationalism — specifically through the colonial creation of a Jewish nation-state in Palestine—as a solution to the problem of antisemitism." Exhibit I.

54.    PAT's social media accounts follow Oregon Educators for Palestine which organizes events and speech activities in support of Palestine and against Israel and which is visible to the public as well as members of PAT.

55.    PAT endorses candidates who are vocally anti-Israel and pro-Palestine, including Raschelle Chase-Miller and Jorge Sanchez Bautista, both of whom have used social media to promote anti-Israel messages. A true and correct copy of PAT's social media post regarding its school board

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

endorsements "meet and greet" is attached hereto as Exhibit J.

**Plaintiff's personal experience of the District and PAT's
one-sided anti-Israel speech and expressive conduct**

56.    Plaintiff's ethnic and religious background, and the fact that he immigrated from Israel, is a generally known fact at Plaintiff's place of employment.

57.    Plaintiff's deeply held beliefs include the tenet that the return of the Jewish people to their ancestral homeland and the reconstitution and defense of a sovereign Jewish state is a covenant with God.

58.    Plaintiff maintains close ties to his family in Israel. After October 7, 2023, Plaintiff's brother, cousins, and in-laws have been called back to the Israeli military because of the conflict with Hamas.

59.    The District made Plaintiff's school a forum for one-sided, anti-Israel rhetoric.

60.    The school's policy is that every poster or expressive item displayed in the school's common areas, such as a hallway, has to receive approval from administration. Thus, any display in these areas was with the explicit or implicit permission of the school administration.

61.    PAT encouraged employees to "teach Palestine" as outlined above.

62.    School administration allowed posting of Palestinian flags, print-out maps of Palestine that eliminate Israel, and other symbols and slogans throughout the school.

63.    The displayed flags and other symbols were in common spaces such as hallways, the library, as well as shared classrooms. The placement was intentional so as to appear to be an expression of the community and school rather than any individual staff person.

64.    These symbols, including the Palestinian flag, cause severe emotional distress to Plaintiff because of his experiences growing up in Israel, including personal exposure to acts of terrorism committed to destroy the State of Israel, and because of his deeply held religious beliefs.

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

65.     Posting the Palestinian flag has a political meaning and message about the death of the Israeli people and the elimination of the state of Israel. Specifically, in a time where Israel was attacked by Hamas, and where there is a war between Israel and Hamas, placing Palestinian flags around the school clearly conveys the message that the District and PAT support not just the Palestinians, but specifically the destruction of the State of Israel. This is especially true in the context of the District's and PAT's other expressive speech on these matters, as described in this Complaint.

66.     The distress Plaintiff suffers when a symbol such as the Palestinian flag is displayed is similar to what he would experience were the Nazi flag displayed in a way that promotes actions taken in furtherance of the Nazi cause. It is extremely painful, and brings back flashbacks to the trauma Plaintiff has endured due to his heritage and religious convictions.

67.     Plaintiff brought his concerns regarding the anti-Israel nature of the speech at school to the attention of the school's administration, and to others within the District, including the human resources department.

68.     School administration refused to remove pro-Palestine symbols.

69.     When he asked school administrators if he could display a flag of Israel or symbols supporting Israel's right to exist, school administrators denied Plaintiff's request telling him that an Israeli flag or related symbols would be too disruptive.

70.     Because it only allowed pro-Palestinian flags, symbols, and messages, the school failed to maintain any kind of viewpoint neutrality on this issue.

71.     Plaintiff does not object to sharing a building or working closely with colleagues who disagree with his positions and beliefs as long as the environment is neutral, fair and safe, and allows for expression of his opinions and beliefs as well.

72.     With the encouragement of PAT, teachers at Plaintiff's school also wore clothing that

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

included pro-Palestine messages, such as "Free Palestine," and "From the River to the Sea."

73.    A teacher led an on-campus morning meeting that he designated as a "prayer circle" to support Palestine.

74.    Plaintiff has documented Post-Traumatic Stress Disorder ("PTSD"), and the actions taken at his school, including repeatedly being confronted with pro-Palestine symbols and messaging, caused a recurrence of his PTSD.

75.    Plaintiff explained his situation to administrators at his school, and provided documentation of the mental distress he was experiencing. The school administrators did nothing to remove the symbols that caused his distress or to promote neutrality and safety.

76.    Rather than addressing Plaintiff's concerns, the principal at his school used the school and community partners email list to promote a pro-Palestine teacher's request to talk and/or take action about what is going on in Palestine, and set up a zoom meeting for staff and students.

77.    Two of Plaintiff's fellow employees who were the most vocal in support of Palestine, and who most prominently displayed the pro-Palestine symbols are also PAT union representatives for the building.

78.    Plaintiff's concerns over his own mental well-being and safety and the safety of his students led him to remove a print-out of the Palestinian flag on a shared wall in the school library.

79.    The employee who displayed the print-out falsely portrayed Plaintiff's actions as theft, and school administration accepted the false accusations without verification or adequate investigation.

80.    In retaliation for Plaintiff's complaints to the school administration about the anti-Israel speech and conduct going on in school, the administration launched an investigation against Plaintiff.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

81.    In fact, when students removed some of the other Palestinian flags posted throughout the school, Plaintiff was falsely blamed for all the flag removals.

82.    Although he thoroughly reported his concerns and made written requests for action, the District refused to address the concerns that Plaintiff raised instead forcing him to continue to confront symbols of hate and day after day, leading to severe emotional distress.

83.    Rather than finding a solution to reduce the hostility Plaintiff suffered, the school's administration targeted a club for which Plaintiff was the lead advisor, the Sexuality and Gender Acceptance (SAGA) club, a well-respected student-led club. The principal refused to allow the club to perform in the school's cultural assembly because of Plaintiff's religious beliefs.

84.    Plaintiff was also undermined in his role as advisor for the Geography Club to such an extent that the club could no longer function.

85.    When Plaintiff brought complaints on these matters to the District's human resources department, it did nothing.

86.    Throughout the 2023-2024 school year, Plaintiff not only did not receive any support from PAT when wrongly targeted by administration, but the main sources of his harassment were themselves PAT representatives.

87.    The constant anti-Israel messaging by PAT, his fellow teachers, and the District administration negatively affected Plaintiff because it was a constant reminder of the violence and terrorism he has suffered, as well as that suffered by his family and fellow countrymen and women.

88.    Support for his nation of Israel is a tenet of Plaintiff's faith, and his faith was constantly under attack by fellow teachers and union representatives.

89.    During the 2023-2024 school year, Plaintiff was constantly immersed in this atmosphere of hostility, intimidation, discrimination and danger at school. He had no one to turn to

FREEDOM
FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

for safety or support since the school did not address his concerns and, actually, supported the hostile conduct, and since PAT and its representatives at his school were the most vocal proponents of the hostility.

90.     When plaintiff reported his concerns to administrators and human resources, he was met with a pattern of neglect and failure to protect. He raised concerns throughout the school year, but received no protection. Rather, the District dismissed his concerns, minimized what he was experiencing, and refused to take any action to remedy the hostility and harassment Plaintiff faced.

91.     The hostility spread throughout the staff at school, creating a culture of hostility that was unsafe and discriminatory toward Plaintiff.

**PAT representatives target Plaintiff because of his religious beliefs**

92.     Colleagues who were active union members and union representatives took coordinated, politically charged actions while knowing the effect their actions had on Plaintiff.

93.     One union building representative posted on social media that staff should wear pro-Palestine clothing and should post pro-Palestine messages and material throughout the school.

94.     PAT supported these messages, and showed no concern for how such messaging or displays might affect Jewish or Israeli staff and students.

95.     The PAT building representative proceeded to post pro-Palestine messages including flags and stickers in shared staff areas.

96.     When Plaintiff reported the hostility these messages caused, his concerns were met with silence from the District.

97.     When Plaintiff reached out to PAT for support, PAT assigned him a union representative who publicly shared anti-Zionist views on social media, thus the Plaintiff did not receive fair or unbiased representation from PAT.

COMPLAINT - 14

98.     One PAT representative falsely accused Plaintiff of removing a personal item from his classroom.

99.     In March, 2024, Plaintiff was physically intimidated by a colleague who blocked him from entering the copy room to use the copy machine. This colleague was also vocal about her anti-Israel views

100.    This confrontation caused Plaintiff to become fearful for his physical safety, as well as his mental and emotional health, should he remain on campus.

101.    The colleague who intimidated Plaintiff spread false reports about Plaintiff and attempted to get him suspended.

102.    When Plaintiff took leave from teaching, PAT representatives started a false rumor at school that he had been suspended for misconduct.

**The District continues to refuse to acknowledge the harm or
to create a safe environment for Plaintiff**

103.    Plaintiff brought these concerns to his school administration and to the District's human resources department, but they did nothing to assist or protect him, such as investigating the incidents he reported.

104.    Rather than taking measures to curb the hostile environment, the District disclosed Plaintiff's concerns to staff who were not part of the solution, which led to additional backlash against the Plaintiff.

105.    Plaintiff lost faith in the process or that anything would be done to protect him, but nonetheless continued to pursue every avenue for complaint.

106.    Plaintiff filed a complaint with human resources at that District on August 26, 2024. The District did not respond to his complaint.

107.    But just days later, Plaintiff was informed that he was the subject of an investigation

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

for alleged wrongdoing based on false allegations that he removed Palestinian flags from a classroom made by his colleague who was most vocal in anti-Israel messages.

108.     Because of Plaintiff's religious beliefs, the District took no action to protect Plaintiff or to investigate the hostility and harassment he confronted.

109.     Plaintiff suffered severe recurrence of diagnosed and documented PTSD, and was eventually forced to use his accumulated leave, and later medical leave, for the sake of his physical and mental health.

110.     Over the summer, he underwent medical treatment to manage the trauma.

111.     Plaintiff asked repeatedly for transfer to a different school, requests that were repeatedly ignored. Until the end of the school year when the District transferred Plaintiff's teaching assignment to a different school 2024-2025 school year.

112.     However, Plaintiff continues to suffer the fallout from the hostility he faced at his previous school, particularly when he attempts to participate in District-wide events.

113.     In fact, Plaintiff has been unable to attend District-wide development events due to fear of confrontation by former colleagues who harassed and threatened him.

114.     The District continues to refuse to hold these individuals to account for the hostility they create, thereby perpetuating and continuing the ongoing hostility and reasonable fear Plaintiff faces.

115.     On March 3, 2025, Plaintiff's new school hosted a professional learning day. Plaintiff attended, but had a panic attack when faced with the chance of running into former colleagues. Plaintiff cannot feel safe when encountering colleagues who are openly hostile and threatening, knowing that the District has not taken steps to mitigate the hostility and threats.

116.     Plaintiff has consistently received excellent evaluations, contributed substantially to

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

curricula development, and enjoyed a good reputation with parents and students.

117.    But in May 2025, Plaintiff confronted a colleague who asked whether it was true that he was suspended for removing Palestinian flags from all the classrooms. Plaintiff had to clarify that this was not true, but he continues to be accused of wrongdoing and blamed for incidents that did not occur and about which the District refuses to clarify the record.

118.    Plaintiff continues to suffer from the loss of reputation and works to regain his standing in the community.

**CAUSES OF ACTION**

**COUNT I**

**Violation of the First Amendment Right to Freedom of Association**
**(42 U.S.C. § 1983 – Against Portland Association of Teachers, Portland Public Schools, and the Oregon Employment Relations Board)**

119.    Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs.

120.    The First Amendment protects the right to associate, or not associate, with individuals or groups.

121.    Oregon's statutory requirement of exclusive representation, placing the Plaintiff in a bargaining unit exclusively represented by PAT, violates the Plaintiff's free association by forcing him to associate with expression with which he disagrees, and which betrays his deeply held religious and moral beliefs.

122.    A reasonable observer would associate Plaintiff with PAT's speech because he is a known member of the bargaining unit represented by PAT, and PAT purports to speak for all members of the bargaining unit.

123.    PAT uses its status as the exclusive representative to amplify its anti-Zionist message.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

PAT represents all members of the bargaining unit, whether those teachers become dues paying members of PAT or not.

124.    This compelled representation burdens Plaintiff's speech because it compels him as a condition of his employment to associate with beliefs with which he disagrees and that violate his faith.

125.    There is no way for Plaintiff to dispel the impression that he supports PAT and the positions that PAT takes. His membership in the bargaining unit, represented by PAT, produces the impression that he is behind PAT's positions. Any disclaimer he might make could not have the same reach of influence and audience as PAT's legal representative status due to its statutorily-prescribed status as exclusive representative.

**COUNT II**

**Violation of the First Amendment Free Exercise of Religion
(42 U.S.C. § 1983 - Against Portland Public Schools,
Portland Association of Teachers, and the Oregon Employment Relations Board)**

126.    Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs.

127.    Oregon's exclusive representation laws compel Plaintiff into a representational relationship with PAT. He is therefore compelled, by association, to tacitly affirm beliefs that violate his deeply held religious beliefs and personal convictions as a condition of employment.

128.    PAT's expressive conduct is offensive to Plaintiff because of its political implications, but even more so, it compels him to be complicit in the violation and repudiation of his deeply held religious beliefs.

129.    PAT uses its status as the exclusive representative to amplify its anti-Israel message. PAT represents all members of the bargaining unit.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

130.     In its expressive activities, PAT represents all members of the bargaining unit.

131.     This compelled representation burdens Plaintiff's free exercise of his religion because it compels him to appear to affirm beliefs that violate his faith as a as a condition of employment.

132.     There is no practical way for Plaintiff to dispel the impression of support that his membership in the bargaining unit produces. Any disclaimer he might make could not have the same reach of influence and audience as PAT's legal representative status.

**COUNT III**
**Violation of the First Amendment Freedom of Speech**
**(42 U.S.C. § 1983 - Against Portland Public Schools)**

133.     Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs.

134.     The District allows expression on one side of a controversial matter of public opinion, namely pro-Palestine, anti-Israel symbols and messages.

135.     But when the Plaintiff requested equal opportunity to promote pro-Israel symbols and messages, the school administrators refused permission.

136.     In applying its rules on speech and expressive activity in a viewpoint-based manner, the District violates the Plaintiff's First Amendment rights.

**COUNT IV**

**Violation of the First Amendment Establishment of Religion**
**(42 U.S.C. § 1983 – Against Portland Public Schools)**

137.     Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs.

138.     The District does not prohibit teachers from utilizing PAT's tools to proselytize for religious beliefs regarding the of the State of Israel, and religious practices.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

139.    According to information and belief, such views have been taught in the District's classrooms.

140.    According to information and belief, curricula put forward in the District's classrooms purports to define aspects of Plaintiff's faith, which includes the belief in a Jewish homeland, in ways that are inconsistent with his beliefs, but that are consistent with the religious teachings of other faiths, including the beliefs of some Muslims.

141.    The District allows displays of overtly anti-Israel messaging, including maps that fail to display the nation of Israel.

142.    The District promoted overtly religious activities, such as a three-day Palestine prayer circle during school hours.

143.    The District denied Plaintiff the opportunity to even present an Israeli flag.

144.    By these actions, the District prefers and promotes religious views and practices in violation of the Establishment Clause of the First Amendment.

## COUNT V

### Violation of ORS 659A.030 –
### discrimination based on national origin and religion
### (Against the District and PAT)

145.    Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs.

146.    ORS 659A.030 (1)(b) makes it an unlawful employment practice for an employer to "discriminate against the individual in compensation or in terms, conditions or privileges of employment" because of, inter alia, an employee's national origin or religion. These prohibitions include, but are not limited to, creation of a hostile work environment.

147.    ORS 659A.030 (1)(c) makes it an unlawful employment practice for a labor

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

organization "to discriminate in any way against the individual," because of, *inter alia*, an employee's national origin or religion.

148.    Plaintiff is constantly immersed in an atmosphere that ostracizes his perspective, disparages his beliefs, and refuses him any support.

149.    When the Plaintiff brought the matters to the District, it did nothing.

150.    Plaintiff suffered severe recurrence of diagnosed and documented PTSD, and was eventually forced to take leave for the sake of his physical and mental health.

151.    When Plaintiff was forced to stop teaching for a time due to the trauma, teachers started a false rumor at school that he had been suspended for misconduct.

152.    Through their actions the District and PAT created and fostered a hostile work environment such that Plaintiff was constructively discharged from his employment and was forced to take leave.

153.    This conduct was directed at Plaintiff's national origin as a person who immigrated from Israel, and this conduct was directed against Plaintiff's sincere religious beliefs since he holds the sincere belief that the State of Israel is essential to the Jewish faith.

154.    By these actions, the District and PAT discriminated against Plaintiff based on his religious beliefs and national origin, including creation of a hostile work environment based on Plaintiff's religious beliefs and national origin.

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests this Court order the following relief:

A.    Declaratory judgment that the compelled representation between the Plaintiff and PAT, as enforced by the ERB Defendants, PECBA and the CBA, violates the Plaintiff's First Amendment right to freedom of association;

B.    Declaratory judgment that the District's viewpoint-based restrictions on speech related to Israel and Palestine violate the Plaintiff's First Amendment right to freedom of speech;

C.    Declaratory judgment on the compelled representation between PAT and the Plaintiff, pursuant to ORS 243.650, *et seq* and the CBA between the District and PAT, violates the Plaintiff's First Amendment right to freedom of religion;

D.    Declaratory judgment that the District and PAT's endorsement of a non-neutral religious viewpoint and promotion of religious observance in school violates the Establishment Clause of the First Amendment;

E.    Permanent injunction enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from engaging in any activity the Court declares unconstitutional;

F.    Compensatory damages, damages for mental and physical distress, constitutional damages, and nominal damages for an amount representing the violation of the Plaintiff's First Amendment rights and compensation for that loss in an amount to be set by the Court that may exceed, but not be lower than, $1.00;

G.    A judgment awarding the Plaintiff his costs and reasonable attorneys' fees under 42 U.S.C. § 1988;

H.    All relief that may be available under ORS 659A.885 for violation of ORS 659A.030,

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

including but not limited to injunctive relief and any other equitable relief that may be appropriate,

including but not limited to compensatory damages or $200, whichever is greater; and

      I.      Any such other and further relief as the Court may deem just and proper.

Dated: May 19, 2025

*s/Rebekah Schultheiss*

Rebekah Schultheiss, OSB No. 121199
James G. Abernathy, OSB No. 161867
Shella Alcabes, *pro hac vice pending*

Freedom Foundation
P.O. Box 552
Olympia, Washington 98507
Tel: (360) 956-3482
rschultheiss@freedomfoundation.com
jabernathy@freedomfoundation.com
salcabes@freedomfoundation.com

*Counsel for Plaintiff*

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874