DAN RAYFIELD
Attorney General
J. NICOLE DEFEVER  #030929
ALLIE M. BOYD #163478
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Nicole.DeFever@doj.oregon.gov
         Allie.M.Boyd@doj.oregon.gov

Attorneys for Defendants
Oregon Employment Relations Board,
Adam Rhynard, Shirin Khosravi and
Benjamin O'Glasser
993974699

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| John Doe, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>Portland Association of Teachers, a labor organization; Portland Public Schools; Dr. Kimberlee Armstrong in her official capacity as the superintendent of Portland Public Schools; Edward Wang in his official capacity as the chairman of the Portland Public Schools Board of Education; Michelle DePass in her official capacity as the vice-chair of the Portland Public Schools Board of Education; Christy Splitt, in her official capacity as a member of the Portland Public Schools Board of Education; Gary Hollands, in his official capacity as a member of the Portland Public Schools Board of Education; Julia Brim- | Case No.  3:25-cv-00854-AR<br><br>DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT |

Page 1 -   DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

Edwards, in her official capacity as a member of the Portland Public Schools Board of Education; Patte Sullivan, in her official capacity as a member of the Portland Public Schools Board of Education; Herman Greene, in his official capacity as a member of the Portland Public Schools Board of Education; the Oregon Employment Relations Board; Adam Rhynard, in his official capacity as Chair of the Employment Relations Board; Shirin Khosravi in her official capacity as a member of the Employment Relations Board; Benjamin O'Glasser in his official capacity as a member of the Employment Relations Board,

           Defendants.

## Local Rule 7-1(A) CERTIFICATION

Undersigned counsel for Defendants certifies that the parties made a good faith effort through a telephone conference on September 12, 2025. The parties were able to resolve one issue, as explained below (Motion subpart A). However, the parties were not able to resolve the remaining disputes raised herein and request the court's assistance on these issues.

## MOTION TO DISMISS

Defendants Oregon Employment Relations Board ("ERB") and board members Adam Rhynard, Shirin Khosravi and Benjamin O'Glasser ("Board Members") are named defendants in the Amended Complaint. The ERB and Board Members (collectively "ERB Defendants") move the Court to enter a judgment of dismissal of the First Amended Complaint ("Complaint" or "FAC") against them on the following grounds:

A.     The Complaint is barred by sovereign immunity under the Eleventh Amendment of the U.S. Constitution to the extent that it seeks damages against either the Board Members in their official capacity or the ERB as a state agency. Alternatively, any damages claim would be barred by qualified immunity. <u>Plaintiff's counsel agreed during conferral to stipulate that the Complaint does not seek any damages against either the ERB or Board Members.</u>

Page 2 -  DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

JND/ek4/993974699

B. The Complaint fails to state a claim against the ERB as a matter of law or fact. ERB is an arm of the state and can't be sued in federal court under Section 1983, under long-established precedent. *Will v. Michigan State Dept. of Police.* Moreover, the Complaint has *no* factual allegations of any actions by the ERB and so fails to state a claim.  Fed. R. Civ. P. 8(a).

C. The Complaint also fails to state a claim for relief against the Board Members because Count I (Section 1983 -freedom of association) and Count II (Section 1983 – free exercise of religion) name only other defendants and the ERB.  The Board Members are not named.  Further, the Complaint fails to state a claim because there are *no* factual allegations regarding the individual Board Members except that they are on the ERB.  Fed. R. Civ. P. 8(a).  Finally, it is admitted that no application or petition has been filed regarding the scope of the bargaining unit.  FAC ¶¶ 17-19.  Thus, the Board Members have not undertaken any act of enforcement against Plaintiff under the Public Employee Collective Bargaining Act (PECBA) (Or. Rev. Stat. 243.650 through 243.806).

D. The Complaint additionally fails to state a claim against the ERB Defendants in failing to sufficiently allege a constitutional violation. The U.S. Supreme Court and Ninth Circuit precedent have made clear there is no First Amendment violation as alleged in Counts I and II.  *See, e.g., Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984); *Mentele v Inslee*, 916 F.3d 783 (9th Cir. 2019), *cert. den. sub nom. Miller v. Inslee*, 140 S. Ct. 114 (2019).

This motion to dismiss is based upon FRCP 12(b)(1) and 12(b)(6), the court's records and files herein, the court's Local Civil Rules and the points and authorities stated below.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## STANDARD OF REVIEW ON A MOTION TO DISMISS

The Court's review is limited to the face of the complaint, documents referenced by the complaint and matters of which the court may take judicial notice. *Levine v. Diamamthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2d ed. 1982)). When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. *Sun Savings & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir. 1987).

In particular, to establish individual liability under section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, (2009); *Monell v. Dep't of Soc. Serv's of City of New York,* 436 U.S. 658, 694 (1978) (no vicarious liability under § 1983). A complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

While the Court may accept all "well-pleaded" factual allegations, it should ignore legal conclusions and bare allegations that a government official violated a plaintiff's constitutional rights. *Iqbal,* 556 U.S. at 680, 129 S. Ct. at 1951 (bare allegations that the official "knew of, condoned, and willfully and maliciously agreed" to the conduct should be ignored and are not entitled to the assumption of truth); *Harlow v. Fitzgerald,* 457 U.S. 800, 817-818, 102 S. Ct. 2727 (1982) (bare allegations of malice do not suffice to subject government officials either to

Page 4 -    DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

the costs of trial or to the burdens of broad-reaching discovery).  It is the conclusory nature of the allegations that "disentitles them to the presumption of truth."  *Iqbal,* 556 U.S. at 681, 129 S. Ct. at 1951.  As explained below, Plaintiff's Complaint is lacking in even bare allegations as to the ERB Defendants and should be dismissed.

## I.    ARGUMENT

### A.    Claims against the Board Members or the ERB are barred by Eleventh Amendment sovereign immunity or qualified immunity.

Any claims against ERB are barred under the doctrine of sovereign immunity under the Eleventh Amendment of the U.S. Constitution. Further, any claims for damages against the Board Members are barred under the same doctrine.  The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, states may not be sued in federal court without their consent. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bar of federal suits against unconsenting states extends to their agencies and officers. *Crowe v. Oregon State Bar*, 989 F.3d 714, 730 (9th Cir 2021).

The limited exception to Eleventh Amendment immunity, known as the doctrine of *Ex parte Young*, is that a plaintiff may seek prospective declaratory or injunctive relief against a state officer in their individual capacity. *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* doctrine does not allow Plaintiff to pursue claims against ERB because it is not a state official. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269, 117 S. Ct. 2028, 2034 (1997) (recognizing a suit is "barred by [state's] Eleventh Amendment immunity unless it falls within the exception this Court has recognized for certain suits seeking declaratory and injunctive relief against state officers in their individual capacities"). Nor does it allow Plaintiff to pursue damages against the Board Members, or declaratory relief that is retrospective. *See*

Page 5 -    DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

*Verizon Md., Inc. v. PSC*, 535 U.S. 635, 645 (2002) (To determine if *Ex parte Young* applies, a court must "conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.").

Alternatively, any claim for damages against the Board Members is barred by qualified immunity. Qualified immunity recognizes that government officials are immune from liability for performing discretionary functions unless their conduct violates clearly established constitutional rights of which a reasonable person would have known. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993); *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Sweaney v. Ada County*, 119 F.3d 1385, 1388 (9th Cir. 1997).

The Complaint's prayer for relief appears to seek damages against the ERB Defendants. FAC, Prayer at ¶ G ("Compensatory damages, damages for mental and physical distress, constitutional damages, and nominal damages for an amount representing the violation of the Plaintiff's First Amendment rights and compensation for that loss in an amount to be set by the Court that may exceed, but not be lower than, $1.00) and ¶ J (fees and costs). However, during conferral Plaintiff's counsel stipulated that the Complaint does not seek any damages against the ERB Defendants, and thus any damages allegations against the ERB Defendants should be stricken. Accordingly, this matter has been resolved by the parties. This small portion of written argument is retained to assist the court and parties with tracking this issue, and in an abundance of caution to ensure that sovereign immunity and qualified immunity are not waived.

**B.      The Complaint fails to state a claim for relief against the ERB because (i) the ERB is an arm of the State and not subject to suit under Section 1983 and (ii) there are no factual allegations regarding the ERB in the Complaint.**

First, Plaintiff does not dispute that ERB is an arm of the State. Complaint ¶ 16. The State is not subject to suit under 42 U.S.C. § 1983. *Will v. Michigan State Dept. of Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989). Section 1983 provides a federal forum to remedy many

Page 6 -   DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD,
            SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST
            AMENDED COMPLAINT
            JND/ek4/993974699

deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. *Id*. at 66.

In *Will*, the Supreme Court affirmed what it had previously concluded, that a State is not a person within the meaning of § 1983. *Will,* 491 U.S. at 64. The Court stated that in order to include a State as a "person" under § 1983, "the section [would have] to be read as saying that 'every person, including a State, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects * * *,'" making it a "decidedly awkward way of expressing an intent to subject the States to liability." *Id.*  The Court went on to reason that reading the statute in that way would depart from the oft-expressed understanding that "'in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.'" *Id.*, *citing Wilson v. Omaha Tribe,* 442 U.S. 653, 667, 99 S. Ct. 2529 (quoting *U.S. v. Cooper Corp.,* 312 U.S. 600, 604, 61 S. Ct. 742).  In addition, the court held that common usage of the term "person" "provides a strong indication that 'person' as used in § 1983 likewise does not include a State." *Will,* 491 U.S. at 64.  Accordingly, Claims I and II cannot be maintained as against ERB, which should be dismissed from this action even if any part of it moves forward.

Second, the Complaint lacks any factual allegations of a petition by Plaintiff to the ERB or any enforcement action by the ERB against Plaintiff.[1]  Plaintiff does not allege that he has filed any petition with the ERB.  In conferral, Plaintiff's counsel confirmed that there was no

---

[1] Notably, if there were an official decision by the Board, it would be a final agency order in a contested case subject to exclusive review before the Oregon Court of Appeals under the Oregon Administrative Procedures Act.  Or. Rev. Stat. 183.482; *Ass'n of Eng'g Employes of Oregon v. Dept. of Transp., Highway Div.,* 72 Or. App. 371, 695 P.2d 961 (1985)(union appeal of ERB order concerning which of two bargaining units should be allowed to represent right-of-way agents and trainees)).  Alternatively, the Board decision would be subject to a subsequent election.  *Div. of State Lands Employes Ass'n v. Div. of State Lands*, 72 Or. App. 559, 696 P.2d 578 (1985)(appeal of ERB order regarding what is the appropriate bargaining unit was not a final order because the determination must be followed by a representation election).

Page 7 -    DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

petition filed with the ERB.  Instead, the anonymous Plaintiff alleges that he filed a complaint with the U.S. Equal Employment Opportunity Commission, a federal agency.  FAC ¶ 198; Exhibits K and L.  The ERB has no decision-making authority for this federal agency.  In sum, the Complaint lacks any legal or factual basis for bringing Claims I or II against the ERB.

**C.    The Complaint fails to state a claim for relief against the Board Members because they are not listed in any Counts and because there are no allegations of fact as to any of the Board Members.**

The Board Members should be dismissed from this action because the Complaint brings no claim against the Board Members and is totally lacking in factual allegations against these individuals.  The Complaint's Count I (Section 1983 -freedom of association) and Count II (Section 1983 – free exercise of religion) name other defendants and the ERB.  *No* counts name the individual Board Members.  As such, on its face, the Complaint fails to bring *any* claim against the Board Members.

Further, the Complaint fails to state a claim because there are *no* factual allegations regarding *any* of the Board Members except that they are on the ERB.  Complaint ¶¶ 17-19.  As explained in the standards section above, while the Court accepts all well-pleaded factual allegations in a complaint, it should ignore legal conclusions and bare allegations.  *Iqbal and Harlow,* supra.  Here, plaintiff makes *no* factual allegations that could support a claim.  This falls well below the requirement to plead exactly what each Government-official defendant, through the official's own individual actions, has alleged done that violated the Constitution. *Iqbal*, *Monell, and Robbins, supra.*  For this reason too, on its face, the Complaint fails to bring any claim against the Board Members and they should be dismissed from this action.

Moreover, the Complaint fails to state a claim for relief because the Board Members have not "enforced" the PAT's collective bargaining agreement.  The Complaint vaguely alleges enforcement in a single paragraph of the Complaint.  FAC ¶ 30 ("But for PECBA's requirement of exclusive representation, and the CBA created pursuant to that statute and enforced by

Page 8 -    DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

Defendants, Plaintiff would have nothing to do with PAT and could effectively avoid all association with PAT."). However, the Complaint does not allege any application or petition for the Board Members to resolve whether he is in the appropriate bargaining unit, and during conferral Plaintiff's counsel confirmed that there had not been one made.

The Board Members have authority to resolve an application or petition to the ERB to determine what is the "appropriate bargaining unit." Or. Rev. Stat. 243.682 (1)(emphasis added) provides as follows:

If a question of representation exists, the Employment Relations Board:

(a)(A)(i) Shall, **upon application** of a public employer, a public employee or a labor organization, designate the appropriate bargaining unit, …

(b) Shall investigate and conduct a hearing **on a petition that has been filed** by:

(A) A labor organization alleging that 30 percent of the employees in an appropriate bargaining unit desire to be represented for collective bargaining by an exclusive representative;
(B) A labor organization alleging that 30 percent of the employees in an appropriate bargaining unit assert that the designated exclusive representative is no longer the representative of the majority of the employees in the unit;
(C) A public employer alleging that one or more labor organizations has presented a claim to the public employer requesting recognition as the exclusive representative in an appropriate bargaining unit; or
(D) An employee or group of employees alleging that 30 percent of the employees assert that the designated exclusive representative is no longer the representative of the majority of employees in the unit.

However, the Board Members's authority does not include "enforcement" or any other changes to an appropriate bargaining unit without an application or petition, and it is undisputed that no such application or petition has been filed.

Further, the Board Members have no role in the separate process where the bargaining unit (here PAT) negotiates with the Portland Public School District, and when a labor agreement is reached those parties sign a collective bargaining agreement (CBA). Complaint ¶ 28, Exhibit

Page 9 -    DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

A.  These negotiations and CBA are limited to "employment relations."[2]  Plaintiff's allegations do not concern employment relations under PECBA, such as monetary benefits, hours, vacations, sick leave, labor organization access, or procedures.  Rather, Plaintiff's allegations involve matters concerning "standards of performance or criteria for evaluation of teachers, [and] the school curriculum" and other subjects outside of the purview of the Board Member's determination of the appropriate bargaining unit in response to a petition.  Or. Rev. Stat. 243.682 (1) and Or. Rev. Stat. 243.650(7).  FAC ¶¶ 40-56.  Thus, as a matter of law the allegations regarding Palestine have no basis for alleging enforcement by the Board Members.  Or. Rev. Stat. 243.682 (1).

In sum, the Complaint fails to state a claim for relief against any of the Board Members because they are not listed as defendants in any of the claims, there are no individual allegations of fact, there are no allegations of enforcement and it is admitted that there has been no petition filed, and because the Plaintiff's issues are not part of the employment relations regulated by PECBA.

---

[2] "'Employment relations' includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, labor organization access to and communication with represented employees, grievance procedures and other conditions of employment."  Or. Rev. Stat. 243.650(7)(a).  However, "[e]mployment relations" does "**not** include subjects that have an insubstantial or de minimis effect on public employee wages, hours, and other terms and conditions of employment." Or. Rev. Stat. 243.650(7)(d) (emphasis added).

School district bargaining is further refined under Or. Rev. Stat. 243.650(7)(e) (emphasis added): "For school district bargaining: *** (B) "Employment relations" **excludes** the school or educational calendar, standards of performance or criteria for evaluation of teachers, the school curriculum, reasonable dress, grooming and at-work personal conduct requirements respecting smoking, gum chewing and similar matters of personal conduct, the standards and procedures for student discipline, the time between student classes, the selection, agendas and decisions of 21st Century Schools Councils established under ORS 329.704, requirements for expressing milk under ORS 653.077, and any other subject proposed that is permissive under paragraphs (b), (c) and (d) of this subsection."

Page 10 -  DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699

**D.     The Complaint fails to state a claim for a violation of the U.S. Constitution's First Amendment's rights of freedom of association or free exercise of religion.**

Courts typically only resolve constitutional issues when necessary.  Should the court be unable to resolve the claims against the ERB Defendants on the prior legal grounds and absence of factual allegations, the Complaint fails to state a claim for relief under the U.S. Constitution for Counts I and II, as U.S. Supreme Court and Ninth Circuit precedent makes clear.

Here, as in *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 104 S Ct 1058 (1984) ("*Knight*"), there has been no infringement of freedom of speech or association due to exclusive union representation.  The Court explained in *Knight* that the college faculty failed to state a claim for violation of their First Amendment rights because "[t]he state has in no way restrained appellees' freedom to speak on any education-related issue or their freedom to associate or not to associate with whom they please, including the exclusive representative. Nor has the state attempted to suppress any ideas." *Knight*, 465 U.S. at288, 104 S Ct at 1068.  The Court expressly held that the freedom of association was not impaired.  *Id.* ("[A]ppellees' associational freedom has not been impaired. Appellees are free to form whatever advocacy groups they like. They are not required to become members of [the union]….").  The *Knight* holding still applies today.  *Mentele v Inslee*, 916 F.3d 783, 789-90 (9th Cir. 2019), *cert. den. sub nom. Miller v. Inslee*, 140 S. Ct. 114 (2019) (holding that elimination of mandatory union dues did not otherwise disturb *Knight).*

Plaintiff also fails to state a claim for infringement of freedom of association because he is not compelled to make any statement as a result of exclusive representation by the union for collective bargaining.  *D'Agostino v. Baker*, 812 F3d 240, 244 (1st Cir 2016).  Indeed, Plaintiff has exercised his associational rights and is not a member of the union.  Complaint ¶¶ 24 and 26 ("Plaintiff has chosen not to be a member of PAT").  Further, the Complaint does not allege that any statements were made during exclusive bargaining.  Complaint, passim.

Page 11 -  DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

JND/ek4/993974699

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff also fails to state a claim for infringement of freedom of religion because PECBA does not specifically name, reference, target or single out any religion. *Parents for Privacy v. Barr*, 949 F3d 1210, 1233–39 (9th Cir 2020). The law does not require Plaintiff to embrace a religious belief and does not punish Plaintiff for expressing his religious beliefs. *Id.* Rather, PECBA's requirement for exclusive representation at collective bargaining is neutral and generally applicable and is rationally related to the government purpose of negotiating contracts with public employees, including teachers. *Parents for Privacy v. Barr*, 949 F3d 1210, 1233–39 (9th Cir 2020); *see e.g.,* Or. Rev. Stat. 243.656 (to promote "the development of harmonious and cooperative relationships between government and its employees," to "alleviate various forms of strife and unrest," and "to assure the orderly and uninterrupted operations and functions of government"). Thus, even if, *arguendo*, the Complaint alleged a constitutional claim against the ERB Defendants, it should be dismissed on the merits.

**CONCLUSION**

In sum, plaintiff's First Amended Complaint is fundamentally unsound and both the Board Members and the ERB should be dismissed without delay and with prejudice.

DATED September   15  , 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General

   *s/ J. Nicole DeFever*
J. NICOLE DEFEVER #030929
ALLIE M. BOYD #163478
Senior Assistant Attorneys General
Trial Attorneys
Nicole.DeFever@doj.oregon.gov
Allie.M.Boyd@doj.oregon.gov
Of Attorneys for Defendants
Oregon Employment Relations Board; Adam
Rhynard; Shirin Khosravi; Benjamin O'Glasser

Page 12 -  DEFENDANTS OREGON EMPLOYMENT RELATIONS BOARD, ADAM RHYNARD, SHIRIN KHOSRAVI, BENJAMIN O'GLASSER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
JND/ek4/993974699