MISHA ISAAK, OSB No. 086430
misha.isaak@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
DOMINIK K. MACKINNON, OSB No. 231723
Dominik.mackinnon@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendants Portland Public Schools,
Dr. Kimberlee Armstrong, Edward Wang,
Michelle DePass, Christy Splitt, Virginia La
Forte, Rashelle Chase-Miller, Patte Sullivan and
Stephanie Engelsman*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PORTLAND ASSOCIATION OF TEACHERS, a labor organization; PORTLAND PUBLIC SCHOOLS; DR. KIMBERLEE ARMSTRONG in her official capacity as the superintendent of Portland Public Schools; EDWARD WANG in his official capacity as the chairman of the Portland Public Schools Board of Education; MICHELLE DEPASS in her official capacity as the vice-chair of the Portland Public Schools Board of Education; CHRISTY SPLITT, in her official capacity as a member of the | Case No.:  3:25-cv-00854-AR<br><br>**MOTION TO DISMISS**<br><br>**BY DEFENDANTS KIMBERLEE ARMSTRONG, EDWARD WANG, MICHELLE DEPASS, CHRISTY SPLITT, VIRGINIA LA FORTE, RASHELLE CHASE-MILLER, PATTE SULLIVAN, AND STEPHANIE ENGELSMAN**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6)<br><br>(ORAL ARGUMENT REQUESTED) |

Page 1 –  **MOTION TO DISMISS INDIVIDUAL PORTLAND PUBLIC SCHOOL EMPLOYEES AND BOARD MEMBERS FROM THE FIRST AMENDED COMPLAINT**

Portland Public Schools Board of Education;
VIRGINIA LA FORTE, in her official
capacity as a member of the Portland Public
Schools Board of Education; STEPHANIE
ENGELSMAN, in her official capacity as a
member of the Portland Public Schools Board
of Education; PATTE SULLIVAN, in her
official capacity as a member of the Portland
Public Schools Board of Education;
RASHELLE CHASE-MILLER, in her official
capacity as a member of the Portland Public
Schools Board of Education; the OREGON
EMPLOYMENT RELATIONS BOARD;
ADAM RHYNARD, in his official capacity as
Chair of the Employment Relations Board;
SHIRIN KHOSRAVI in her official capacity
as a member of the Employment Relations
Board; and BENJAMIN O'GLASSER in his
official capacity as a member of the
Employment Relations Board,

Defendants.

**L.R. 7-1(a) CERTIFICATION**

Pursuant to L.R. 7-1(a), counsel for defendants Dr. Kimberlee Armstrong, Edward Wang,

Michelle Depass, Christy Splitt, Virginia La Forte, Rashelle[1] Chase-Miller, Patte Sullivan, and

Stephanie Engelsman ("Individual Defendants") conferred in good faith with counsel for

plaintiff John Doe ("Plaintiff") regarding this motion. Despite their efforts, the parties were

unable to resolve the issues.

/ / /

/ / /

---

[1] The First Amended Complaint's caption contains a spelling error that refers to Defendant
Rashelle Chase-Miller as Raschelle Chase-Miller.  Defendants have corrected this error in the
caption.

Page 2 –   **MOTION TO DISMISS INDIVIDUAL PORTLAND PUBLIC SCHOOL
EMPLOYEES AND BOARD MEMBERS FROM THE FIRST AMENDED
COMPLAINT**

150140872.11 0035426-00024

**MOTION**

## I.    INTRODUCTION

The First Amended Complaint (the "Complaint" or "FAC") names the Individual Defendants in their official capacities—all members of Portland Public Schools ("PPS") Board of Education, except Dr. Armstrong, who is PPS' superintendent—as defendants. Even after amending his Complaint, Plaintiff fails to allege any facts pertaining to the Individual Defendants. Nor does Plaintiff allege any claims against the Individual Defendants. The Individual Defendants should be dismissed from the Complaint because Plaintiff fails to state a plausible—or any—claim for relief against the Individual Defendants.

## II.    FACTUAL BACKGROUND

This Motion is filed alongside Defendant Portland Public Schools' Motion to Dismiss ("PPS' MTD"). The Individual Defendants incorporate the factual background section of PPS' MTD here, which accepts the well-pleaded facts alleged in the Complaint as true.

## III.    LEGAL STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

Page 3 –   **MOTION TO DISMISS INDIVIDUAL PORTLAND PUBLIC SCHOOL EMPLOYEES AND BOARD MEMBERS FROM THE FIRST AMENDED COMPLAINT**

150140872.11 0035426-00024

party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Four of Plaintiff's claims against PPS are brought under 42 U.S.C. § 1983. For such claims, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Iqbal*, 556 U.S. at 676 (explaining that a Section 1983 plaintiff "must plead that each … defendant, through the official's own individual actions, has violated the Constitution"). Allegations of causation in a Section 1983 claim "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

## IV.    ARGUMENT

Plaintiff fails to allege a single claim against any of the Individual Defendants, including under the First Amendment, Title VII, or ORS 659A.030.

As for Plaintiff's constitutional claims (Claims I – IV),[2] which are necessarily brought under Section 1983, the Complaint does not allege any facts against the Individual Defendants to suggest that they (a) were acting under the color of state law or (b) caused a deprivation of Plaintiff's federal rights, as required to state a claim under Section 1983. *West*, 487 U.S. at 48. The only time the Individual Defendants' names appear in the Complaint is to state their name

---

[2] The Complaint refers to Plaintiff's claims as "Counts."  This motion uses the nomenclature of "Claims" to refer to Plaintiff's various causes of action.

Page 4 –   **MOTION TO DISMISS INDIVIDUAL PORTLAND PUBLIC SCHOOL EMPLOYEES AND BOARD MEMBERS FROM THE FIRST AMENDED COMPLAINT**

and position. FAC ¶¶ 7, 9-15. Nowhere else (other than in the Complaint's caption) are the Individual Defendants even mentioned.

Plaintiff's statutory claims fare no better against the Individual Defendants. As explained above, the Complaint does not allege facts against the Individual Defendants or specify which claims are brought against them, let alone articulate a "'cognizable legal theory'" or plead "sufficient factual [allegations] to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041 (citation omitted). "The district court is not required to guess as to what theory a plaintiff might be relying on in a complaint." *Say & Say v. Layman*, 15 F.3d 1089, 1993 WL 539259, at *1 (9th Cir. 1993) (upholding the district court's dismissal of a civil rights claim with prejudice on that basis); *see also Edwards ex rel. J.E. v. Yamhill County*, No. 19-00240, 2020 WL 6931316, at *6 (D. Or. Oct. 15, 2020) (dismissing a claim where the plaintiff relied on "bald allegations" "far short of asserting a plausible" claim, which left the court "to guess what First Amendment theory [the p]laintiffs [were] attempting to advance"), *report and recommendation adopted*, 2020 WL 6905316 (D. Or. Nov. 24, 2020).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 5 –   **MOTION TO DISMISS INDIVIDUAL PORTLAND PUBLIC SCHOOL EMPLOYEES AND BOARD MEMBERS FROM THE FIRST AMENDED COMPLAINT**

## V.    CONCLUSION

For these reasons, the Individual Defendants should be dismissed from this lawsuit.

DATED:  September 18, 2025                    STOEL RIVES LLP


   /s/ *Misha Isaak*
MISHA ISAAK, OSB No. 086430
misha.isaak@stoel.com
MEGAN S. BRADFORD, OSB No. 222711
megan.bradford@stoel.com
DOMINIK K. MACKINNON, OSB No. 231723
Dominik.mackinnon@stoel.com

*Attorneys for Defendants Portland Public Schools, Dr. Kimberlee Armstrong, Edward Wang, Michelle DePass, Christy Splitt, Virginia La Forte, Rashelle Chase-Miller, Patte Sullivan and Stephanie Engelsman*